IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF ARKANSAS


SHEENA C. FRAZIER                                        PLAINTIFF


v.                          Case No. 4:26cv328-JM

PEOPLE TRUST COMMUNITY

FEDERAL CREDIT UNION,

by and through its Conservator,

NATIONAL CREDIT UNION ADMINISTRATION          DEFENDANT

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

APR 0 6 2026

TAMMY H. DOWNS, CLERK
By:_____
                              DEP CLERK


COMPLAINT FOR DISABILITY DISCRIMINATION,

FAILURE TO ACCOMMODATE, AND RETALIATION

UNDER THE AMERICANS WITH DISABILITIES ACT


Plaintiff, Sheena C. Frazier, for her Complaint against Defendant, states as follows:


### I. JURISDICTION AND VENUE


1. This action arises under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq.


2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12117(a).

This case assigned to District Judge Moody
and to Magistrate Judge Moore

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the unlawful employment practices complained of herein occurred within this district.

## II. PARTIES

4. Plaintiff, Sheena C. Frazier, is a resident of the State of Arkansas.

5. Defendant, People Trust Community Federal Credit Union, is an employer within the meaning of 42 U.S.C. § 12111(5).

6. At all relevant times, Defendant is operating under conservatorship by the National Credit Union Administration.

7. Upon information and belief, key employment decisions affecting Plaintiff were made and/or approved by executive leadership, including **CEO Arlo Washington**, acting within the scope of his authority.

## III. EXHAUSTION OF ADMINISTRATIVE REMEDIES

8. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 493-2025-03316.

9. The EEOC issued a Notice of Right to Sue dated February 4, 2026.

10. Plaintiff has satisfied all administrative prerequisites to filing this action.

## IV. FACTUAL ALLEGATIONS

11. Plaintiff was employed by Defendant and performed her job duties in a satisfactory and competent manner.

12. During her employment, Plaintiff raised concerns regarding workplace structure, communication, and operational transparency.

13. Plaintiff's complaints constituted protected activity under federal law.

14. Plaintiff was diagnosed with a serious medical condition involving her voice, substantially limiting major life activities, including speaking.

15. Plaintiff informed Defendant of her condition and requested medical leave.

16. Defendant approved Plaintiff's request for medical leave.

17. While Plaintiff was on protected medical leave, Defendant terminated her employment effective July 30, 2025.

18. Defendant acknowledged that Plaintiff's termination was not related to her job performance.

19. Defendant instead cited vague and non-specific "organizational priorities," which do not constitute a legitimate nondiscriminatory reason.

20. The timing of Plaintiff's termination—while on protected medical leave—creates a strong inference of discrimination and retaliation.

21. Defendant failed to engage in the interactive process required under 42 U.S.C. § 12112(b)(5)(A).

22. Defendant failed to provide reasonable accommodations and instead terminated Plaintiff.

23. Plaintiff engaged in protected activity by:

    a. Raising workplace concerns;

    b. Requesting medical leave; and

    c. Requesting accommodation for her disability.

24. Defendant took adverse action against Plaintiff shortly after these protected activities.

25. The temporal proximity between Plaintiff protected activity and termination establishes causation.

26. Upon information and belief, Defendant has taken actions to restrict or remove Plaintiff's access to relevant communications regarding her employment and medical leave, including the recall of emails and deletion of electronic communications.

27. Such actions raise serious concerns regarding spoliation of evidence and support an inference that the missing evidence would be unfavorable to Defendant.

28. As a direct result of Defendant's actions, Plaintiff suffered:

    a. Loss of employment;

    b. Loss of income and benefits;

    c. Loss of health insurance coverage;

    d. Inability to continue necessary medical treatment;

    e. Financial hardship; and

    f. Emotional distress and mental anguish.

## V. CLAIM I
## DISABILITY DISCRIMINATION
## (42 U.S.C. § 12112)

29. Plaintiff incorporates all preceding paragraphs.

30. Defendant discriminated against Plaintiff because of her disability.

## VI. CLAIM II
## FAILURE TO ACCOMMODATE
## (42 U.S.C. § 12112(b)(5)(A))

31. Plaintiff incorporates all preceding paragraphs.

32. Defendant failed to provide reasonable accommodations to Plaintiff.

## VII. CLAIM III
## RETALIATION
## (42 U.S.C. § 12203)

33. Plaintiff incorporates all preceding paragraphs.

34. Defendant retaliated against Plaintiff for engaging in protected activity.

## VIII. DAMAGES

35. Plaintiff is entitled to relief under 42 U.S.C. § 1981a, including:

   a. Back pay;

   b. Front pay;

   c. Compensatory damages;

   d. Punitive damages; and any amount to be determined by the jury.

   e. All other relief available under federal law.

## IX. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter judgment in favor of Plaintiff;

B. Award all available damages;

C. Award costs and any other relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

Sheena C. Frazier

10718 Lionel Dr

Little Rock, Arkansas 72209

832-792-7275

Mssheenafrazier2@outlook.com

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Little Rock Area Office
820 Louisiana St, Suite 200
Little Rock, AR 72201
(501) 900-6130
Website: www.eeoc.gov

## DISMISSAL
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 02/04/2026

**To:** Sheena Frazier
10718 Lionel Dr
LITTLE ROCK, AR 72209
Charge No: 493-2025-03316

EEOC Representative and email:   RITA BARNES
ENFORCEMENT SUPERVISOR
RITA.BARNES@EEOC.GOV

---

### DISMISSAL

The EEOC is closing this charge because: Respondent was placed into conservatorship by the National Credit Union Administration.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 493-2025-03316.

On behalf of the Commission,

Digitally Signed By:William A Cash
02/04/2026
William A Cash
Area Office Director